UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE D. SNOVELLE,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>          Defendant. | Case No. 06cv82-WQH (BLM)<br><br>**ORDER RE: PLAINTIFF'S PROPOSED NEW EVIDENCE** |

Plaintiff is proceeding *pro se* in seeking judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits. On March 28, 2011, Plaintiff filed a motion for summary judgment. ECF No. 44. On April 21, 2011, Plaintiff attempted to file new exhibits in support of her motion. The Court rejected these documents via a discrepancy order for the reasons set forth below.

In social security cases, the role of the district court is wholly appellate. The district court may not consider new evidence in reviewing the decision of the Commissioner of Social Security (Commissioner). See 42 U.S.C.A. § 405(g) (explaining that the court may consider only "the pleadings and transcript of the record"); see also Ellis v. Bowen, 820 F.2d 682, 684 (5th Cir. 1987) (expressly confirming that "[t]he courts may not take new evidence"); Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Court § 9.57 (West, 2011

ed.) ("the District Court may not consider evidence outside of the administrative record in reviewing a claim for benefits"). A plaintiff may file a motion requesting that the district court remand the case to the Commissioner for the consideration of the new evidence. However, remand is appropriate only when the claimant has presented new evidence that is material to determining the claimant's disability and demonstrated good cause for having failed to produce the evidence earlier. See 42 U.S.C.A. § 405(g); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001); Wainwright v. Sec'y of Health and Human Serv., 939 F.2d 680, 682 (9th Cir. 1991).

Because this Court cannot consider Plaintiff's proposed new evidence in conjunction with her pending motion for summary judgment[1] and because Plaintiff did not submit the new evidence as part of a motion for remand, this Court was required to reject it for filing. Absent any subsequent changes to the posture of this case, this Court will proceed with reviewing the decision of the Commissioner in light of the administrative record on file.

**IT IS SO ORDERED**.

DATED: April 28, 2011

*/s/ Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge

---

[1] For the reasons set forth above, the Court also lacks jurisdiction to conduct a *de novo* review, as Plaintiff requests in her pending motion for summary judgment. ECF No. 44 at 1-2.