UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHELLE D. SNOVELLE, | ) | Case No. 06cv82-WQH (BLM) |
|---|---|---|
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | **FOR ORDER DENYING PLAINTIFF'S MOTION FOR REMAND WITH** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | **CONTINGENCIES (REQUEST FOR STAY OF FINAL FEDERAL DECISION PENDING REVIEW)** |
| Defendant. | ) ) | [ECF No. 63] |

Plaintiff Michelle D. Snovelle brought this action for judicial review of the Social Security Commissioner's (Commissioner) denial of her application for disability insurance benefits and supplemental security income.  On August 4, 2011, Plaintiff filed a Motion for Remand with Contingencies. ECF No. 63. Before the Court are Plaintiff's motion, Defendant's Opposition to the motion filed on September 8, 2011, and Plaintiff's reply filed on October 6, 2011.  ECF Nos. 63, 69 & 74.

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.  For the reasons set forth below, this Court **RECOMMENDS** that Plaintiff's Motion for Remand with Contingencies be **DENIED**.

## **BACKGROUND**

On April 28, 2003, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.  Administrative Record (AR) at 3, 94-97.  Plaintiff alleged a disability onset date of November 9, 2001.  Id. at 94.  However, due to Plaintiff's employment from September 2002 through March 2003, the Administrative Law Judge ("ALJ") found that April 1, 2003 was a more appropriate date of onset.  Id. at 15.  The Commissioner initially denied Plaintiff's application, and again upon reconsideration, resulting in Plaintiff's February 17, 2004 request for an administrative hearing.  Id. at 37.

On November 17, 2004, a hearing was held before ALJ Jerry F. Muskrat.  Id. at 14.  In a written decision dated February 2, 2005, ALJ Muskrat determined that Plaintiff was not disabled.  Id. at 14-24.  Plaintiff requested review by the Appeals Council, but this request was denied, making the ALJ's decision the final decision of the Commissioner.  Id. at 4-10; see also 20 C.F.R. § 404.981.

On January 13, 2006, Plaintiff filed the instant federal action.  ECF No. 1.  In February of 2007, the parties filed a joint motion to remand based on the fact that the Commissioner had not yet been able to locate the recording of the administrative hearing.  ECF No. 14.  The Commissioner represented that if the recording could not be located within a reasonable time, the Commissioner would remand the case to an ALJ for a *de novo* hearing.  Id. at 2.  On February 13, 2007, the district judge granted this request and remanded the matter to the Social Security Administration.  ECF No. 15.

On July 2, 2010, the district judge reopened the case in response to a request by the Commissioner wherein the Commissioner represented that he was prepared to file an administrative record of the underlying proceedings. ECF Nos. 17, 18.  After having been granted several extensions of time in which to do so (totaling over five months of additional time), Plaintiff filed a motion for summary judgment on March 28, 2011.  ECF No. 44.  On May 23, 2011, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion.  ECF Nos. 50 & 53.  Plaintiff filed a motion for extension of time to respond to Defendant's cross-motion on July 20, 2011 that was denied the next day.  ECF Nos. 60 & 61.  On August 4,

1   2011, Plaintiff filed a request for reconsideration of the denial of the filing extension incorporated

2   with a motion for remand with contingencies.  ECF No. 63.  This motion is the subject of the

3   instant order

4                                         **DISCUSSION**

5          Plaintiff argues that the case should be remanded to the Social Security Office

6   Administration for *de novo* review by an ALJ of new evidence that Plaintiff submitted.  ECF No.

7   63.  Plaintiff requests that the Court: (1) stay the instant action pending the outcome of the ALJ's

8   review on remand; (2) set a specific deadline by which the Commissioner must have scheduled,

9   and an ALJ must have conducted, a *de novo* hearing; (3) allow Plaintiff to file a motion for default

10  judgment in this Court if Defendant fails to schedule and conduct a remand hearing within the

11  Court-ordered time frame; (4) allow Plaintiff the right to include any unfavorable decision by the

12  ALJ following his or her *de novo* review in the pending federal appeal before this Court; and

13  (5) allow Plaintiff to file motions before this Court, even if she is successful upon *de novo* review

14  by the ALJ, seeking compensatory and punitive damages against Defendant based on his conduct

15  during the prior remand of this case.  Id. at 6-8.

16         Defendant argues that the matter should not be remanded because Plaintiff has failed to

17  submit new material evidence that supports a remand.  ECF No. 69 at 2.  Instead, Defendant

18  argues that Plaintiff has submitted evidence that: (1) is already in the record; (2) refers to a

19  period outside of the period of time under review in the ALJ's decision; and (3) contains only

20  Plaintiff's subjective statements.  Id. at 3-4.  Additionally, Defendants contend that Plaintiff is not

21  entitled to compensatory or punitive damages or any of the other relief that she has requested.

22  Id. at 5.

23  **A.    LEGAL STANDARD**

24         The Court has jurisdiction to remand a case for the consideration of new evidence, but

25  "only upon a showing that there is new evidence which is material and that there is good cause

26  for the failure to incorporate such evidence into the record in a prior proceeding."  Fryer v. Astrue,

27  2011 WL 717284, *2 (C.D.Cal., Feb. 18, 2011) (quoting 42 U.S.C. § 405(g) (Sentence Six));

28  (citing Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir.1984)).  "New

1  evidence is material if (1) the evidence bears 'directly and substantially' on the matter in dispute,

2  and (2) there is a 'reasonable possibility' that the new evidence would have changed the outcome

3  of the administrative hearing." Id. (quoting Mayes v. Massanari, 276 F.3d 453, 462 (9th

4  Cir.2001)); (citing Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380 (9th

5  Cir.1984) (new evidence is material if there is a reasonable possibility that it would have changed

6  the outcome of the ALJ's determination))[1].  In addition, evidence is new and material only where

7  it relates to the period on or before the date of the ALJ's decision. Benveniste v. Astrue, 2010 WL

8  3582208, *3 (C.D.Cal., Sept. 9, 2010) (citing 20 C.F.R. § 404.970).

9       The good cause requirement is met if there is new information that becomes available after

10  the Commissioner's final decision and the claimant could not have obtained the new evidence at

11  the time of the administrative proceedings. Pace v. Astrue, 2010 WL 3291753, *2 (D.Or., June

12  28, 2010) (citing Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985)).

13  **B.  PLAINTIFF'S NEW EVIDENCE**

14       After reviewing more than 600 pages of potential new evidence submitted by Plaintiff, this

15  Court has determined that the documents do not constitute new and material evidence sufficient

16  to support a remand.  ECF Nos. 63, 63-1, 63-2, 63-3, 63-4, 64, 64-1, 64-2, & 64-3.  As discussed

17  in more detail below, the submitted documents duplicate information submitted to and considered

18  by the ALJ and contain untimely, irrelevant and cumulative information.

19       1.  Duplicate Documents

20       Many of the documents that Plaintiff submitted as new evidence are documents that were

21  already contained in the AR and, therefore, are not new.  Those documents include:

22       •  ECF Nos. 63 at: 34 (AR at 395), 39 (AR 249), 40 (AR 398), 41 (AR 401), 44 (AR

23       408), and 50 (AR at 413); 63-1 at: 3 (AR at 446), 4 (AR at 472), 8 (AR at 479); 9

24

25  _____

26      [1]The statutory text providing for such orders states the following: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's

27  answer, remand the case to the Commissioner ... and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.

28  § 405(g).

(AR at 481), and 10 (AR at 492); 63-4 at: 54 (AR at 204), 55 (AR at 203), 56 (AR at 227), 57 (AR at 226), 78 (AR at 209), 79 (AR at 210), 80 (AR at 213), 81 (AR at 211), 82 (AR at 212), 83 (AR at 214), 84 (AR at 219), 85 (AR at 216), 87 (AR at 215), 88 (AR at 217), 89 (AR at 222), 90-92 (AR at 223-225), and 93 (AR at 220); 64 at: 8 (AR at 497), 9 (AR at 444), 10 (AR at 411), 11 (AR at 424), 12 (AR at 425), 14 (AR at 403), 15 (AR at 366), 21 (AR at 329), 74 (AR at 331); and 64-1 at: 14 (AR at 338).

Plaintiff argues that the documents identified as duplicative by Defendant are not.  ECF No. 74 at 7.  Plaintiff states that the documents that are contained in the AR and appear to be duplicates are "chart copies" of her medical records "that are of poor quality and near illegible on some areas" and stamped with the phrase "Best Copy Obtainable."  Id.  Plaintiff argues that these are different from the new documents which are her "personal patient copies" and "of greater quality and clarity as well as legibility."  Id.  Plaintiff claims that these documents are "new and relevant to clarifying the evidence already in the record which has been poorly copied."  Id. at 8.

While the additional evidence submitted by Plaintiff may be more legible, the fact remains that it is still the same as the evidence already contained in the administrative record.  ECF Nos. 63 at: 34, 39-41, 44, and 50; 63-1 at: 3-4 and 8-10; 63-4 at: 54-57, 78-85, and 87-93; 64 at: 8-12, 14-15, 21, and 74; and 64-1 at: 14.  Therefore, the documents do not qualify as *new* evidence sufficient to support a remand.  Also, since the documents were already considered by the ALJ during Plaintiff's administrative hearing, it can not be said that there is a reasonable possibility that these higher quality copies would have changed the outcome of the administrative hearing.

2.     Documents Dated After February 2, 2005

Many of the documents that Plaintiff submitted as new evidence are dated March 2005 or later.  ECF Nos. 63-3 at 92 and 94-100; 63-4 at 1-53; 64 at 16-20, 36, 40-47, and 54-73; 64-1 at 1-8, 10, 19-20; 64-2 at 1-100 and 64-3 at 1-65.  As stated above, evidence is new and material only where it relates to the period on or before the date of the ALJ's decision.  See Benveniste, 2010 WL 3582208 at *3.  In Plaintiff's case, the ALJ's decision is dated February 2, 2005.  AR at 24.  Accordingly, the Court must examine all of the documents created after February 2, 2005 to

determine whether they relate to Plaintiff's medical condition on or before February 2, 2005.  For any documents that satisfy this first step, the Court must then determine whether the records are "material" and whether there is "good cause" for the failure to include them in the original proceeding.  <u>Fryer</u>, 2011 WL 717284 at *2.  The Court has identified the following categories of documents that were created after February 2, 2005:

- <u>Southern California Spine Center documents</u>: These documents are dated July 30, 2008 to October 3, 2008 and list the treatments Plaintiff signed up to receive during this time period, and include intake forms that describe how Plaintiff felt before each session, whether or not Plaintiff was doing her home exercises, and the activities that took place at each session.  ECF No. 63-3 at 92, and 94-100; and 63-4 at 1-34.  Also included is an August 2, 2008 MRI of Plaintiff's back that was performed at the request of Plaintiff's doctor at the Spine Center and low back examination forms.  ECF No. 63-4 at 24-34.

- <u>Medical records from the University of California, San Diego ("UCSD")</u>: These records, which begin on October 18, 2005 and continue through January 16, 2007, discuss Plaintiff's diagnoses of sleep apnea, fibromyalgia, and chronic pain along with her medications during this time frame.  ECF No. 63-4 at 42-43, 45-46, 58-62, 66-77.

- <u>Drug prior authorization request and requests for referral services from County of San Diego</u>: These documents dated September 3, 2005 through October 3, 2007 show Plaintiff's diagnoses of sleep apnea, fibromyalgia, and chronic pain along with her medications and special authorized services such as the pain clinic, rheumatology clinic and pulmonary flu visits.  ECF No. 63-4 at 35-36, 41, 48, 51.  They do not contain any new information not known at the time of the administrative hearing.  AR at 14-24.

- <u>Adult progress notes from Operation Samahan, Inc.</u>: These progress notes dated August 18, 2005 through September 20, 2007 are very difficult to read, but generally list Plaintiff's current medications, assessment/plan and physical exam

06cv82-WQH (BLM)

results.  ECF No. 63-4 at 37-40,  44, 47, 49-50, and 52-53.  They also note Plaintiff's current complaints of back pain, difficulty sleeping, fibromyalgia and chronic pain.  Id.

- Southbay Guidance Wellness and Recovery Center Records: These documents include a letter dated December 3, 2010 acknowledging Plaintiff's treatment at Southbay on and off from April 2004 to December 2010 and a "medical statement concerning depression with anxiety, OCD, PTSD or panic disorder for Social Security disability claim" also dated December 3, 2010.  ECF No. 64 at: 16-20.  Both documents discuss Plaintiff's symptoms, for example, anxiety, worry thoughts, panic attacks, sleep disturbance, and low energy and motivation.  Id. Also, included are progress notes from March 16, 2005 through October 14, 2010 that relate mostly to Plaintiff's mental health and discuss her current condition, therapeutic intervention, response to treatment, progress toward goals, and plan of care.  ECF Nos. 64 at 54-57, 64-65, and 90-100; 64-1 at 1-7 and 19-100; 64-2 at 1-100; and 64-3 at 1-65.  The notes state how Plaintiff is dealing with her depression and anxiety and her participation in group and individual counseling.  Id.  The vast majority of these documents are not material because they do not address Plaintiff's medical condition prior to February 2, 2005.  To the extent they do reference treatment prior to that date, they are cumulative of information presented to the ALJ.  AR at 14-24.

- Plaintiff's journal entries: These personal journal entries describe what Plaintiff did, what she was thinking and how she was feeling on any given day, and cover a range of dates from April 2006 - January 2011.  ECF No. 64 at 36, and 40-47.  These journal entries do not shed any light on Plaintiff's condition prior to February 2005 and are not material.  Id.

- Initial mental health assessments: The assessments are dated April 9, 2008 and April 13, 2009.  They provide general background information on Plaintiff, summarize her past psychiatric history, her family history, medications, and

substance use.  ECF No. 64 at 58-63 and 66-72.  They discuss Plaintiff's previous thoughts about suicide, her fibromyalgia, and degenerative disk.  Id.  These issues were considered during Plaintiff's hearing.  Id. and AR at 18-20, 319-323, and 332-336.

- County of San Diego Health and Human Services Agency general relief medical statement: The statement signed July 11, 2006, shows that Plaintiff was unable to work through the end of December 2007 due to her diagnosis of "major depressive d/o, recurrent, severe w/o psychotic features."  ECF No 64 at 73.  The form is not timely and does not provide any additional information about how or why that diagnosis was reached and is therefore simply repeating part of Plaintiff's medical history already known to the ALJ at the time of the 2004 hearing.  AR at 18-20.

- Medication Management Forms: The forms from March 23, 2005 and June 8, 2005, list the medications that Plaintiff was taking and the symptoms that those medications were intended to treat.  ECF No. 64-1 at: 8 and 10.  These symptoms and prescriptions were a part of the AR and considered during the November 2004 administrative hearing.  AR at 18-20 and 330-332.

As summarized above, the vast majority of these  documents are not material because they do not address Plaintiff's medical condition prior to February 2, 2005.  To the extent some records do pertain to Plaintiff's medical condition prior to February 2, 2005, they merely provide information that is cumulative of information already in the record and previously considered by the ALJ and, therefore, do not support remand.  See AR at 14-24, 319-323, and 330-336; see also Rathbun v. Shalala, 5 F.3d 539 (9th Cir.1993) (stating that "to meet the materiality requirement, the new evidence offered must bear directly and substantially on the matter in dispute" and "cumulative evidence does not meet this standard") (quoting Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir.1984)) and (citing Fair v. Bowen, 885 F.2d 597, 606 (9th Cir. 1989) (evidence that discloses nothing not already revealed is not material)).

3.    Department of Motor Vehicles Employment Documents

Plaintiff also submitted a number of documents relating to her employment with the

8                                06cv82-WQH (BLM)

Department of Motor Vehicles ("DMV").  These documents include the following:

- <u>Absence and overtime reports</u>: The reports dated as early as February 2001 through April 2003, contain very brief descriptions about Plaintiff's physical condition at the time of the reports.  The descriptions are Plaintiff's own and do not contain any additional medical support.  ECF Nos. 63-1 at 13, 15-17, 19, 21, 23 and 25; 63-2 at 2, 4, 15-16, 18, 20-21 and 23-24; 63-3 at 1-4, 6, 8, 10, 12, 14, and 32-33.

- <u>Work schedules</u>: The work schedules from March 24-28, 2003 list all of the employee names, hours, and breaks.  ECF No. 63-3 at 34-37.  They do not contain any relevant information regarding Plaintiff's alleged disabilities, medical conditions, or ability/inability to perform any type of work.  <u>Id</u>.

- <u>Letters regarding Plaintiff's absence without leave ("AWOL") status</u>: The letters span from November 4, 2002 to October 4, 2004 and simply note that Plaintiff missed work on several occasions without calling in and letting anyone know, and that she was at risk of being charged AWOL status and separated from state service.  ECF No. 63-3 at 17, 20, 28 and 38-41.

- <u>Requests for leaves of absence</u>: The leave requests are generic forms and letters discussing Plaintiff's requests for leave.  ECF No. 63-3 at 21-25, 29-30, 50, 52.  The earliest request is dated February 19, 2002 and the latest is dated April 16, 2003.  The documents include a letter from Plaintiff with additional details about her medical condition, but there is no "new" information in the letter as it merely states that Plaintiff has suffered from degenerative disk disease, depression, anxiety and fibromyalgia.  <u>Id</u>. at 22-25 and AR at 14-24 and 182-186.

- <u>Input forms-634</u>: The forms track information such as Plaintiff's sick leave, hours, vacation, FMLA hours, jury duty, and military leave and span from early 2001 through mid 2003.  ECF Nos. 63-1 at 14, 18, 20, 22, 24; 63-2 at 1, 3, 5-14, 17, 19, 22, 25; 63-3 at 5, 7, 9, 11, 13, 15-16.

- <u>Requests for reasonable accommodations</u>: The requests are generic forms and letters discussing Plaintiff's requests for a reasonable accommodation in the form

of an alternative work schedule.  ECF No. 63-3 at 26-27, 42-49, 51, 53-55.

- Emails: The emails from October 2002 and January and February 2004, are between Plaintiff and her supervisors at work.  ECF No. 64 at 48-53.  They discuss Plaintiff's difficulty obtaining a physical exam due to her lack of health insurance, her frustration with being unofficially told that her accommodation request is unreasonable, and Plaintiff's attempt to get social security coverage.  Id.

- Performance review:  The performance review from September 24, 2001,  explains how Plaintiff was doing at work and that she passed her probationary period of employment.  ECF No. 63-3 at 56-61.

- Fit for duty exam: The documents from January and February 2003 discuss Plaintiff's back injury in 2001, disc disease and sleep apnea and find that it was reasonable that Plaintiffs' injury could cause chronic and protracted low back pain. ECF No. 63-3 at 68-73.  The mandatory, state-paid medical exam was completed by Dr. Rick Griess and states that Plaintiff could continue her job as a Motor Vehicle Field Representative with accommodations in "a light or modified duty setting." Id. at 72.

- Letters regarding sick leave, punctuality and absences: The letters from March 19, 1999 through November 2, 2001, discuss Plaintiff's use of sick leave and tardiness. ECF No. 63-3 at 62-67.

- Medical certification: The form dated October 23, 2001 states that Plaintiff was incapacitated from work on October 22, 2001 due to a (largely resolved) lumbar disk rupture and fibromyalgia pain.  ECF No. 64 at 7.  It notes that Plaintiff will not be limited to a reduced work schedule, but that Plaintiff should not lift over 20 pounds.  Id.

- Pay stubs: The fall 2002 pay stubs are standard pay stubs and show how much money was deducted from Plaintiffs' checks for health and nonindustrial disability insurance, but do not discuss Plaintiff's medical conditions or alleged disabilities. ECF No. 63-3 at 80-84.

10

06cv82-WQH (BLM)

1    Given the content of the work-related documents described above, this Court cannot find

2    that there is a reasonable possibility that the documents would have changed the outcome of the

3    administrative hearing.[2]   The majority of the documents do not contain "new and material"

4    information and to the extent there is relevant information, it is cumulative of information already

5    in the AR.  AR at 14-24 and 182-186.  A sentence six remand is only appropriate where a plaintiff

6    establishes that there is new non-cumulative evidence.  See Ingham v. Astrue, 2010 WL 1875651,

7    *4 (C.D.Cal. May 10, 2010).  Additionally, these documents are all dated prior to Plaintiffs'

8    November 17, 2004 hearing and Plaintiff fails to provide good cause as to why she failed to

9    submit them at that time.  Accordingly, Plaintiff's work documents do not support a finding for

10   remand.

11        4.   Kaiser Permanente and UCSD Records

12        The next category of documents are records from Kaiser Permanente and UCSD Healthcare

13   including:

14   •    Documentation of medical impairment forms: The forms spanning from April 20,

15        2001 through January 9, 2004 have checked boxes identifying various diagnoses

16        or impairments, restrictions, and time off work.  ECF Nos. 63 at 33, 35, 37-38, 45,

17        and 49; 63-1 at 2, 5-7, and 11-12.

18   •    Certifications: The forms signed October 17, 2002, December 27, 2002, January 30,

19        2003, and July 30, 2003, list dates that Plaintiff was unable to work due to illness

20        and the dates that she was able to return to work.  ECF Nos. 63 at 36, 42-43, and

21        47-48; and 63-1 at 1.

22   •    Letter regarding a scheduled surgery: The March 14, 2003 letter informs Plaintiff

23        that she is scheduled for surgery with Dr. Phillip.  ECF No. 63-3 at 31.

24   _____

25        [2]  Plaintiff may have submitted the DMV work records in an effort to rebut the ALJ's determination that the
     correct alleged onset date of disability is April 1, 2003.  While the records relate to the correct time period, they are
26   not material because they would not have affected the ALJ's determination.  The ALJ determined that Plaintiff's DMV
     work was not an "unsuccessful work attempt" because it lasted more than six months and Plaintiff made substantially
27   more than the Substantial Gainful Activity minimum.  AR at 15.  This Court found that the ALJ did not err in this
     determination.  See, Report and Recommendation for Order Granting In Part Plaintiff's Motion for Summary Judgment
28   and Denying Defendant's Cross-Motion for Summary Judgment, ECF No. 75.

- **Operative report**: The report dated January 5, 2003 summarizes Plaintiff's second electroacupuncture treatment.  ECF No. 63-4 at 86.

- **Chart**: The medical chart lists Plaintiff's conditions as of December 30, 2002 as fibromyalgia, sleep apnea, depression, and anxiety.  ECF No. 63-4 at 94-96.  It also lists Plaintiff's medications, psychosocial history, the doctor's impressions and plan.  Id.

- **Referral authorizations**: The referral authorizations from December 27, 2002, show that Plaintiff was referred to an acupuncturist for help with her fibromyalgia pain.  ECF No. 63-4 at 97-98.

- **Emergency department records**: Plaintiff's emergency department records discuss a car accident that Plaintiff was involved in during March 1991.  ECF Nos. 63-4 at 99-100; 64 at 1-2.

- **Sleep clinic documents**: The March 22, 2001 sleep clinic document shows that Plaintiff exhibited signs of "obstructive sleep apnea" and would possibly benefit from the use of continuous positive airway pressure ("CPAP").  ECF No. 64 at 3.

- **Prescription**: The prescription from December 30, 2002 is actually a note asking that Plaintiff be excused from work one day due to her acupuncture appointment.  ECF No. 63 at 46.

These documents do not support a finding for remand.  The certifications, letter regarding a scheduled surgery, and the emergency department records do not contain new and material information.  ECF No. 63 at 36 , 42-43, and 47-48; 63-1 at 1; 63-3 at 31; 63-4 at 99-100; and 64 at 1-2.  The documentation of medical impairment forms, operative report, charts, referral authorizations, sleep clinic documents, and prescription are cumulative of information already contained in the AR and considered by the ALJ.  ECF Nos. 63 at 33, 35, 37-38, 45, 46, and 49; 63-1 at 2, 5-7, and 11-12; 63-4 at 86, 94-98; and 64 at 3; see also AR at 14-24, 83, 182-183, 210-211, 215-216, 219, 222-225, 228, 426, 490, and 548.  Additionally, all of these documents are dated well before Plaintiff's November 2004 hearing and Plaintiff has failed to provide good cause as to why the documents could not have been obtained and provided to the ALJ at the time

of that hearing.

      5.    <u>County of San Diego Health and Human Services Agency, Mental Health Services Documents</u>

      Another category of documents comes from the County of San Diego Health and Human Services Agency, Mental Health Services and includes:

- <u>Crisis relapse prevention plan from the Isis Center</u>: The April 17, 2005 plan contains a list of signs that Plaintiff believes indicate when she may be relapsing into crisis, coping skills for dealing with a relapse, and a list of contacts for Plaintiff if she feels that she is relapsing.  ECF No. 64 at 22.

- <u>Discharge and medication instructions</u>: The discharge and medication instructions signed April 16, 2004  simply lists the medications that were prescribed for Plaintiff when she left the Isis Center.  ECF No. 64 at 23-24.

- <u>Interpersonal effectiveness homework sheets</u>: The undated interpersonal effectiveness homework sheets contain Plaintiff's own observations about her emotions and emotional triggers.  ECF No. 64 at 37-39.

- <u>Personal notes</u>: These journal-like entries from June through October 2004 contain Plaintiff's personal thoughts and feelings about a number of subjects including herself, her boyfriend, love, family and pain.  ECF Nos. 64 at 25-35.

- <u>Progress notes</u>: The progress notes begin in May 2004 and go through December 2004, and discuss Plaintiff's depression, thoughts of suicide, medication, response to treatment, progress, plan, and group therapy sessions.  ECF Nos. 64 at 75-80, 82-83 and 88; 64-1 at 15-18; and 64-3 at 66-97.

- <u>General medical statement</u>: The April 12, 2004 general relief medical statement was completed by Dr. Donna Mills and states that Plaintiff was diagnosed with major depression recurrent severe and that she is unable to work through the end of April 2005.  ECF No. 64 at 81.

- <u>Initial mental health assessment</u>: The April 5, 2004 assessment provides general background information on Plaintiff, summarizes her past psychiatric history, her

family history, medications and substance use.  ECF No. 64 at 84-87 and 89.  It also
mentions Plaintiff's previous thoughts about suicide, her fibromyalgia and back pain.
Id.

- •  Medication management forms from the South Bay Guidance Center:  The forms
  from August, September and October 2004 list the medications that Plaintiff is
  taking and the symptoms that those medications are intended to treat.  ECF No. 64-
  1 at 11-13.

The crisis relapse prevention plan, the interpersonal effectiveness homework sheets, and
the journal-like entries are not new and material evidence.  ECF No. 64 at 22, 25-35, and 37-39.
The prevention plan and homework do not provide any details regarding Plaintiff's mental or
physical health or ability to work, and the journal-like entries contain only Plaintiff's observations
about her feelings on a particular day.  These documents, therefore, do not bear "directly and
substantially" on Plaintiff's status and there is not a reasonable probability that the prevention
plan, homework or journal-like documents would have changed the outcome of the administrative
hearing.  Id.  The remaining documents also do not support a finding in favor of remand because
they contain cumulative information.  ECF Nos. 64 at 23-24, and 75-89; 64-1 at 11-13 and 15-18;
and 64-3 at 66-97; see also AR at 18-24, 319-323, 332-336, 578-580, and 599; and Ingham, 2010
WL 1875651 at *4.  Finally, the prevention plan, the journal-like entries, the medication
management forms, initial mental health assessment, general medical statement, most of the
progress notes, and discharge and medication instructions are dated at various times in 2004  and
were available prior to the November 2004 administrative hearing, yet Plaintiff fails to provide
good cause as to why the documents were not previously included in the record.  ECF No. 63 and
74.

     6.   Remaining Documents

The remaining documents do not fit into any of the prior categories and include the
following:

- •  Notices of eligibility, determination and claim adjustment date from the State of
  California/Employment Development Department regarding nonindustrial disability

insurance: The September 14, 2002 notice of eligibility informs Plaintiff that she was "entitled to 182 calendar days benefit from November 20, 2001 to (not including) May 21, 2002." ECF No. 63-3 at 85. The September 14, 2002 notice of determination informs Plaintiff that her "claim for nonindustrial disability insurance has been disallowed from November 10, 2001 through November 14, 2001" because she was "entitled to receive sick leave, vacation, CTO, holiday, or regular pay." Id. at 86. The September 14, 2002 notice of claim date adjustment states that Plaintiff's first "claim for nonindustrial disability insurance has been disallowed beginning November 9, 2001 through November 9, 2001" because "the beginning date must be at least one day after the last day worked unless you were hospitalized on the last day worked" Id. at 87. The documents also include a letter from Plaintiff providing additional information to support her claim for the insurance. Id. 88.

- Job posting for a program technician and rejection letters regarding the same: This is an employment posting from June-July 2001 for the position of program technician with the San Diego branch of the Disability and Adult programs Division. There are also two letters dated July 24, 2001 and September 18, 2001 showing that Plaintiff interviewed for, but did not get the position. ECF No. 63-3 at 89-91.

- Contract for services with the Southern California Spine Center: This is a signed (but not dated) contract for 20 DRX decompression sessions, 12 rehabilitation sessions plus the warranty package. ECF No. 63-3 at 93.

- Physical therapy progress note: The progress note with entries from July 9, 2002 through August 6, 2002, mentions that: (1) all of Plaintiff's movements were painful on July 9, 2002; (2) Plaintiff had knee pain on July 21 and 25, 2002; (3) Plaintiff had pain possibly related to her menstrual cycle on July 25, 2002; and (4) Plaintiff was going to be using the PTX at home for treatment. The note only discusses three days of Plaintiff's medical history and does not contain any analysis or conclusions. ECF No. 64 at 13.

1      •    Interview confirmation notice from the Department of Fair Employment and

2           Housing: The notice confirms that Plaintiff had an appointment for an interview with

3           the Department of Fair Employment & Housing. ECF No. 63-3 at 18-19.

4      •    Fibromyalgia printout: This printout defines fibromyalgia and discusses the causes,

5           symptoms, diagnosis, and treatment of the condition. ECF No. 63-4 at 63-65.

6      None of these documents constitute new material evidence that supports a finding for

7   remand. See ECF Nos. 63-3 at 18-19, 85-91 and 93; 63-4 at 63-65; and 64 at 13. The

8   documents do not "bear directly and substantially" on the matter in dispute, Plaintiff's alleged

9   disability, and there is no "reasonable probability" that these documents would have changed the

10  outcome of Plaintiff's administrative hearing. Mayes, 276 F.3d at 462 (citing Booz, 734 F.2d at

11  1380). With the exception of the physical therapy progress note, the documents do not contain

12  any discussion of Plaintiff's medical history, her pain, her alleged disability or her ability or inability

13  to perform certain tasks or work. See ECF Nos. 63-3 at 18-19, 85-91 and 93; 63-4 at 63-65; and

14  64 at 13. The physical therapy note does discuss Plaintiff's pain, but the note is incomplete[3], only

15  focuses on three days, and would not have changed the outcome of the administrative hearing.

16  ECF No. 64 at 13.

17      Furthermore, the nonindustrial disability documents are from 2002, the job posting

18  documents are dated between June and September 2001, the interview confirmation provides an

19  interview date of March 23, 2004 and the physical therapy note is from 2002. The documents,

20  therefore, were in existence prior to Plaintiff's administrative hearing in November 2004. ECF Nos.

21  63-3 at 18-19 and 89-91; 64 at 13. The documents are not evidence that became available after

22  the Commissioner's final decision and that the Plaintiff could not have obtained at the time of the

23  administrative proceedings. See Pace, 2010 WL3291753 at 2. Plaintiff does not provide any

24  explanation at all, let alone good cause, for not previously including this evidence in the record.

25  See ECF Nos. 63 & 74.

26

27

28      [3]The document says that it is an "Occupation Therapy Progress Notes - Continued," but we do not have the
    preceding pages to the note.

**CONCLUSION**

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Motion for Remand with Contingencies be **DENIED**.  Because the Court finds no support for Plaintiff's requested remand, the Court **DENIES AS MOOT** the conditions Plaintiff wanted to include in any remand order.  <u>See</u> ECF No. 63 at 6-7.  In addition, the Court notes that several of the requested conditions are not permitted under applicable law.  <u>See, e.g.</u>, <u>Heckler v. Day</u>, 467 U.S. 104, 119 n.33 (1984) (stating that a district court may not impose on the Commissioner absolute time limits applicable to all disability claims and overruling court-imposed injunction on behalf of a state-wide class of social security disability claimants against the Secretary of Health and Human Services, which required that claims be processed within a fixed time period); <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 425 (1988) (acknowledging that "suffering months of delay in receiving the income on which one has depended for the very necessities of life cannot be fully remedied by the 'belated restoration of back benefits,'" but  concluding that Congress had not provided for "a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits" and dismissing the case); and <u>Kenney v. Barnhart</u>, 2006 WL 2092607, *7 (C.D.Cal. July 26, 2006) (finding that "a claimant pursuing relief under Section 405(g) may not seek or receive consequential and punitive damages" and dismissing plaintiff's action for failing to provide any jurisdictional foundation for this type of action).

///
///
///
///
///
///
///
///
///
///

1   **IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation

2   must be filed with the Court and served on all parties no later than <u>**December 21, 2011**</u>.  The

3   document should be captioned "Objections to Report and Recommendation."

4   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

5   and served on all parties no later than <u>**January 11, 2012**</u>.  The parties are advised that failure

6   to file objections within the specified time may waive the right to raise those objections on appeal

7   of the Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

8

9   DATED:  November 30, 2011

10

11                                BARBARA L. MAJOR
                                 United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28