# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE D. SNOVELLE,<br><br>       Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>       Defendant. | CASE NO. 06cv82-WQH-BLM<br><br>ORDER |

HAYES, Judge:

  The matters before the court are the Report and Recommendations filed by United States Magistrate Judge Barbara L. Major recommending that the Motion for Summary Judgment filed by Plaintiff be granted in part and the Cross-Motion for Summary Judgment filed by Defendant be denied (ECF No. 75), and recommending that the Motion for Remand with Contingencies filed by Plaintiff be denied (ECF No. 76).

## BACKGROUND

  On April 28, 2003, Plaintiff filed applications for supplemental security income benefits and disability insurance benefits with the Commissioner of Social Security Administration. Plaintiff's claim was denied at the initial level and again upon reconsideration. On November 17, 2004, an administrative hearing was held at which Plaintiff appeared with counsel and testified before an administrative law judge ("ALJ"). On February 2, 2005, the ALJ issued a written decision finding that Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

On January 13, 2006, Plaintiff commenced this action seeking judicial review of Defendant's decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1). On March 30, 2011, Plaintiff filed a Motion for Summary Judgment. (ECF No. 44). On May 23, 2011, Defendant filed a Cross-Motion for Summary Judgment. (ECF No. 50). On August 4, 2011, Plaintiff filed a Motion for Remand with Contingencies. (ECF No. 63).

On November 30, 2011, the Magistrate Judge issued a Report and Recommendation regarding the Motions for Summary Judgment (ECF No. 75) and a Report and Recommendation regarding the Motion for Remand (ECF No. 76). The Reports recommend that Plaintiff's Motion for Summary Judgment be granted in part, Defendant's Cross-Motion for Summary Judgment be denied, and Plaintiff's Motion for Remand be denied. Both Report and Recommendations conclude:

> IT IS HEREBY ORDERED that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than December 21, 2011....
>
> IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than January 12, 2012. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

(ECF No. 75 at 37; ECF No. 76 at 18) (citing *Turner v. Duncan*, 158 F.3d 449 (9th Cir. 1998)). The docket reflects that no objections to either Report and Recommendation have been filed.

**REVIEW OF THE REPORT AND RECOMMENDATION**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

2008) (quotation omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  The evidence must be more than a mere scintilla but not necessarily a preponderance." *Id*. (quotations omitted).

## I. Report and Recommendation (ECF No. 75)

After reviewing the Report and Recommendation, the administrative record, and the submissions of the parties, the Court finds that the Magistrate Judge correctly stated: "Even when the treating doctor's opinion is contradicted by the opinion of another doctor, the ALJ may properly reject the treating physician's opinion only by providing 'specific and legitimate reasons' supported by substantial evidence in the record for doing so.... This can be done by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings.'" (ECF No. 75 at 22)(citations omitted). The Magistrate Judge correctly stated "that the ALJ failed to provide the requisite specific and legitimate reasons, supported by substantial evidence, for rejecting [treating physician] Dr. Mills' assessment [of Plaintiff's mental limitations]" and that "therefore, the [residual functioning capacity] determination was not supported by substantial evidence...." (ECF No. 75 at 27, 33).  The Magistrate Judge correctly concluded that:

> [T]he Court does not find it appropriate to fully credit Dr. Mills' opinion and remand for an immediate payment of benefits because, even if Dr. Mills' opinion were credited, two outstanding issues remain. Specifically, it is not clear when Plaintiff became disabled and whether she may still be expected to improve with treatment. While Dr. Haroun, the psychiatric expert with whom the ALJ concurred in rejecting Dr. Mills' assessment, testified that Plaintiff would meet a listing if Dr. Mills' opinion were credited, neither he nor Dr. Mills indicated at what point Plaintiff decompensated to this level.... Additionally, Dr. Mills indicated on the questionnaire that, though Paxil had not been working, she was starting Plaintiff on Wellbutrin. AR at 533. There is no indication in the record of whether the Wellbutrin caused improvement in Plaintiff's condition.  Thus, the evidence before the Court does not make clear that Plaintiff's condition satisfies the SSA's twelve-month durational requirement.

*Id*. at 36-37 (footnotes omitted). The Magistrate Judge correctly recommended "that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing before an administrative law judge for further consideration consistent with this opinion." *Id*. at 37.

## II. Report and Recommendation (ECF No. 76)

After reviewing the Report and Recommendation, the administrative record, and the

submissions of the parties, the Court finds that the Magistrate Judge correctly stated that "[t]he Court has jurisdiction to remand a case for the consideration of new evidence, but 'only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" (ECF No. 76 at 3) (citing *Fryer v. Astrue*, 2011 WL 717284, *2 (C.D. Cal., Feb. 18, 2011) (quoting 42 U.S.C. § 405(g) (Sentence Six))). The Magistrate Judge correctly stated that "evidence is new and material only where it relates to the period on or before the date of the ALJ's decision." *Id.* at 4 (citing *Benveniste v. Astrue*, 2010 WL 3582208, *3 (C.D. Cal., Sept. 9, 2010) (citing 20 C.F.R. § 404.970)). The Magistrate Judge correctly concluded "that the documents do not constitute new and material evidence sufficient to support a remand" based on new evidence. *Id.* The Magistrate Judge correctly recommended that Plaintiff's Motion for Remand with Contingencies be denied. *Id.* at 17.

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendations (ECF Nos. 75, 76) are ADOPTED in their entirety. Plaintiff's Motion for Summary Judgment (ECF No. 44) is GRANTED in part. Defendant's Cross-Motion for Summary Judgment (ECF No. 50) is DENIED. Plaintiff's Motion for Remand with Contingencies (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that this action be remanded to the Commissioner of Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for a new hearing before an administrative law judge for further consideration consistent with this opinion. The Clerk of the Court shall administratively close this case.

DATED: January 26, 2012

**WILLIAM Q. HAYES**
United States District Judge